# SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD *v.* DAVIS.

---

AFFIDAVIT OF MERIT; ANTICIPATION OF DEFENSE; AFFIDAVIT OF DEFENSE; ASSUMPTION OF TRUTH; SUFFICIENCY.

1. While an affidavit of merit cannot anticipate a defense (citing *Booth* v. *Arnold,* 27 App. D. C. 287), the inclusion of such matter will not preclude a judgment for the plaintiff under the 73d rule, where the affidavit contains all the allegations necessary to show a good cause of action.

2. The truth of an affidavit of defense cannot be questioned or traversed by the court. (Citing *Strauss* v. *Hensey,* 7 App. D. C. 289.)

3. An affidavit of defense upon information and belief, setting up the falsity of an alleged warranty of good health by the insured as a defense to an action on a benefit certificate, is defective where there

is no statement in the affidavit that the defendant expects to prove such fact. (Citing *Hazen* v. *Van Senden,* 43 App. D. C. 161; and *Mearns* v. *Harris,* 45 App. D. C. 536.)

No. 3220.   Submitted March 7, 1919.   Decided March 31, 1919.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, sustaining a motion for judgment under the 73d rule.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Thaddeus Davis, husband of the appellee, Ella L. Davis, plaintiff below, at the time of his death in May, 1916, held a beneficiary certificate for $1,000, payable to his wife, which had been issued by the appellant, Sovereign Camp of the Woodmen of the World, defendant below, on his life. The defendant having refused to pay the certificate, suit was brought by the wife for the recovery of the amount which she claimed to be due. With her declaration she filed an affidavit of merit and asked for judgment. Defendant in due time responded with an affidavit of defense, which was made on information and belief only. Among other things, it sets up what is claimed to be a warranty by the deceased that at the time the certificate was delivered to Davis he "was in sound and good health," and that the "warranty was false in that the said Thaddeus Davis was not in good health at the time that the said beneficiary certificate was delivered to him and he signed the same, but that he was suffering from the aortic regurgitation, which is a disease of the heart, and had been so suffering for several years prior to his said application, and that he knew he was so suffering from the same, and that said member (Davis) perpetrated a fraud upon said defendant by falsely representing that he was not suffering from heart disease." The trial court held the affidavit insufficient and gave judgment for plaintiff.

*Mr. Fred B. Rhodes* and *Mr. Chapman W. Maupin* for the appellant.

*Mr. R. B. Fleharty* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Appellant makes two contentions: First, that the affidavit of merit is defective in that it undertook to anticipate a defense by the defendant, and from this premise it is argued that the case should be treated as if there was no affidavit of merit. We must reject this, because if the affidavit contains all the allegations necessary to show a good cause of action, and it is not denied that it does, the circumstance that it states more than is required is immaterial. The excessive part may be disregarded as negligible. Of course, a plaintiff "cannot," as this court said in *Booth* v. *Arnold,* 27 App. D. C. 287, 291, "convert his affidavit into a pleading, and, by anticipating a defense, require the defendant to negative or defend against such new matter of claim." The truth of defendant's affidavit cannot be questioned or traversed. For the purpose of securing to the defendant the right of trial the court must assume his affidavit to be true. *Strauss* v. *Hensey,* 7 App. D. C. 289, 294, 36 L.R.A. 92.

Second, proceeding, then, upon the assumption that the affidavit of the defendant is true, does it constitute a defense on the ground that Davis warranted that his health was good at the time he received the certificate, and that the warranty is false? There is no statement therein that the defendant expects to prove either of those things. This is a fatal defect. In *Hazen* v. *Van Senden,* 43 App. D. C. 161, 164, Mr. Justice Van Orsdel, speaking for the court, said with respect to an affidavit of defense: "It will be observed that much of this amounts only to an averment of the belief of the affiant, without a tender of proof of the facts. In other words, proof of defendant's belief would not bring him within the requirements of the rule. * * * " To the same effect see *Mearns* v. *Harris,* 45 App. D. C. 536. It may be regarded, therefore, as settled in this jurisdiction that a mere allegation in the affidavit of defense that the defendant believes certain things to be true is not enough. He must go farther and assert that he expects

to prove the particular thing upon which he relies as a defense. There is a distinction between saying that one believes a certain thing to be true and saying he expects to prove it.   Suppose in the case before us that the defendant had learned in some way from a physician who had examined Davis professionally that he was suffering from aortic regurgitation.   It might say that it believed Davis was affected with heart disease, but in all probability it could not truthfully assert that it expected to prove the fact, because the physician would be incompetent to testify to it over the objection of the plaintiff.   We hold, therefore, that the affidavit in question did not state a defense with respect to the alleged breach of warranty by Davis, and as this is the only defense attempted, the court was right in giving judgment for the plaintiff.

The judgment of the lower court is affirmed with costs.

*Affirmed.*